UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

OBJECTION OF ROBERT OMEA
TO
MOTION FOR RULE 2004 EXAM

In re

Case No. 17-63572-tmb7

**Robert George O'Mea,**

**TRUSTEE's MOTION FOR**
**FRBP 2004 Examination**

**Debtor**

Robert George O'Mea objects to the Trustee's Motion for Rule 2004 Examination. The Trustee's failure to disclose the fact that the requested information is in their possession eliminates any further need for a Rule 2004 Examination. The sole motivation is to produce more trustee billable expenses. While the Court has wide latitude to authorize examinations under Rule 2004, the right to conduct Rule 2004 examinations is not unlimited, particularly where, as here, the request appears to have as much to do with litigation tactics and illegal enrichment of the trustee and finally violation of Fiduciary Duties to the debtor's estate and unnamed family members as anything else. The Court should deny the Trustee's latest request.

### FACTS

The case was filed on November 22, 2017 (The "**Petition Date**") (Robert George O'Mea) filed the voluntary bankruptcy petition under chapter 7 Title 11 through his council at the time Kevin Rankin. Mr. Rank failed in his duties to provide me with any information of appointment or motions made by Vanessa Pancic. This violated the Federal rules for Bankruptcy and is prima facia reason to dismiss the trustee and the trustees request for Rule 2004 Examination.

.On 8/28/2018 without proper notice the trustee filed for a FRBP 2004 Examination. The trustee is already in possession of all information requested, (exhibit1) The trustees attorney Holly Hayman is actively trying to blackmail me having stated that: "Unless you sign over all your rights to your 10,000.00 share of the PLF settlement we will take your 10,000.00 and your wife's (separate and wholly unencumbered portion of the settlement in the amount of 13,500.00.(exhibit 2) The Trustee's failure to fully disclose the extent of the information already obtained on these issues is reason enough to deny the Trustee's motion." In its broadest sense, 2004 examinations are referred to as a "fishing expedition". Bennett Funding Group, 203 B.R. at 28. Rule 2004 examinations are not intended to be abusive, but instead provide opportunities for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." Washington Mutual, 408 B.R. at 50, citing In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D. N.Y. 2002).

Page 1 of 2

Conclusion For all the reasons set forth herein, the Debtor respectfully request that the Court (a) deny the Motion and (b) grant the Debtors such other and further relief as the Court may deem proper.

Respectfully submitted,

Robert George O'Mea

Debtor

LAW OFFICES OF
# RANK & ASSOCIATES, P.C.
A PROFESSIONAL LAW CORPORATION
1265 WALLER ST. SE
SALEM, OR 97302
503.362.6068 TELEPHONE
503.362.7095 FAX

Kevin J. Rank, Attorney at Law  
James J. MacAfee, Attorney at Law (Of Counsel)

Jennifer Rank, Legal Assistant  
Amelia Manu, Legal Assistant

April 18, 2018

Mr. Robert O'Mea
1050 Norway St. NE
Salem, OR 97301

RE: April 17, 2018 - In Office Meeting

Dear Robert:

This letter is a follow up to our meeting in my office yesterday morning. In our meeting we discussed the various settlements on your case. I explained that your PLF claim against Wheeler is currently held by the Chapter 7 Trustee. However, your wife's claim is not. We obtained for your wife Linda $13,500. I believe that is a good offer and I also believe that the PLF will hold Linda to it if you try to rescind your agreement.

The Kruger settlement as proposed by the trustee would result in you receiving $10,000 and the estate receiving $10,000. You indicated that you will not agree to any settlement unless you receive at least $15,000. I think it is a mistake not to accept the offer; however, it is your case and you have the final and only say. I intend to contact Ms Hayman, the trustee's attorney, and relay your final offer. If the estate rejects that final offer, then according to Ms Hayman's email they will drop the Kruger matter and will not pursue any carve out for you or the estate. If this were to occur, you would not receive any money from the Kruger settlement as there would be no settlement. Thee trustee indicated that she would abandon the Kruger Settlement money and you would then be allowed to contest the liens against that settlement. The trustee believes those are valid liens.

Finally, if our final offer is rejected you had indicated that you wish to have the case dismissed and you wish to obtain other council to accomplish that task. I do not believe that dismissal of your case is in your own best interest; however, you can take whatever action you deem best for you. You indicated that you were going to seek other counsel to continue representation of you in this matter. You have requested that I withdraw from your case if this settlement is not agreed to, at which I point I indicated that I would.

April 18, 2 018
Mr. Robert O'Mea
RE: April 17, 2018 In office Meeting
Page 2

Please advise at your earlies convenience if anything in this letter does not coincide with your recollection of the events.

Kind personal regards,

RANK & ASSOCIATES, P.C.

Kevin J. Rank
KJR:jr

LAW OFFICES OF
# RANK & ASSOCIATES, P.C.
A PROFESSIONAL LAW CORPORATION
1265 WALLER ST. SE
SALEM, OR 97302
503.362.6068 TELEPHONE
503.362.7095 FAX

Kevin J. Rank, Attorney at Law
James J. MacAfee, Attorney at Law (Of Counsel)

Jennifer Rank, Legal Assistant
Amelia Manu, Legal Assistant

April 18, 2018

Mr. Robert O'Mea
1050 Norway St. NE
Salem, OR 97301

RE: April 17, 2018 - In Office Meeting

Dear Robert:

This letter is a follow up to our meeting in my office yesterday morning. In our meeting we discussed the various settlements on your case. I explained that your PLF claim against Wheeler is currently held by the Chapter 7 Trustee. However, your wife's claim is not. We obtained for your wife Linda $13,500. I believe that is a good offer and I also believe that the PLF will hold Linda to it if you try to rescind your agreement.

The Kruger settlement as proposed by the trustee would result in you receiving $10,000 and the estate receiving $10,000. You indicated that you will not agree to any settlement unless you receive at least $15,000. I think it is a mistake not to accept the offer; however, it is your case and you have the final and only say. I intend to contact Ms Hayman, the trustee's attorney, and relay your final offer. If the estate rejects that final offer, then according to Ms Hayman's email they will drop the Kruger matter and will not pursue any carve out for you or the estate. If this were to occur, you would not receive any money from the Kruger settlement as there would be no settlement. Thee trustee indicated that she would abandon the Kruger Settlement money and you would then be allowed to contest the liens against that settlement. The trustee believes those are valid liens.

Finally, if our final offer is rejected you had indicated that you wish to have the case dismissed and you wish to obtain other council to accomplish that task. I do not believe that dismissal of your case is in your own best interest; however, you can take whatever action you deem best for you. You indicated that you were going to seek other counsel to continue representation of you in this matter. You have requested that I withdraw from your case if this settlement is not agreed to, at which I point I indicated that I would.

April 18, 2 018
Mr. Robert O'Mea
RE: April 17, 2018 In office Meeting
Page 2

Please advise at your earlies convenience if anything in this letter does not coincide with your recollection of the events.

Kind personal regards,

RANK & ASSOCIATES, P.C.

Kevin J. Rank
KJR:jr

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re
**Robert George O'Mea**

Case No. **17-63572-tmb7**

MOTION AND NOTICE OF INTENT
TO SETTLE AND COMPROMISE,
**AND ORDER THEREON**

Debtor(s)

The undersigned trustee, _____**Vanesa Pancic**_____, moves to settle and compromise the following described dispute upon the following terms:

On or about January 13, 2017, Robert O'Mea (the "Debtor") and Linda O'Mea, his non-debtor spouse, filed a complaint alleging legal malpractice in Clackamas County Circuit Court under Case No. 17cv01623 (the "Malpractice Suit") against attorney J. Andrew Keeler ("Keeler"). Keeler represented the O'Meas in actions against their former landlords Todd and Melissa Jones. Beginning in approximately 2014, Keeler represented the O'Meas in several landlord/tenant disputes, including matters brought in Marion County Court Case Nos. 13C23652 and 15CV1547, and in Washington County Circuit Court Case No. C151130CV (together, the "Landlord/Tenant Suits"). During the course of Keeler's representation, the O'Meas' claims were dismissed by the court with prejudice. Thereafter, the O'Meas jointly filed the Malpractice Suit. The Oregon State Bar Professional Liability Fund (the "PLF"), through its counsel, represents Keeler in the Malpractice Suit.

On November 22, 2017, the Debtor filed his voluntary bankruptcy petition and supporting documents. The Debtor did not disclose the Malpractice Suit or his claims against Keeler in the schedules and did not claim an exemption in the same. The Debtor's interest in the Malpractice Suit and his claims against Keeler are property of the bankruptcy estate.

To avoid the time, expense, and uncertainty involved in litigating the factually-intense malpractice issues and determining the extent of estate's interest in the O'Meas' joint claims against Keeler, the Trustee proposes the following. The Trustee, the Debtor, Linda O'Mea, Keeler, and the PLF have reached agreements to resolve their dispute fully and completely. The Trustee and the PLF have agreed that in exchange for the Trustee's release of all claims against Keeler, including but not limited to the Malpractice and Landlord/Tenant Suits, the PLF shall

761.2 (6/15/16) **Page 1 of 2**         *** CONTINUED ON NEXT PAGE ***

tender a settlement payment in the amount of $10,000 to the Trustee (the "Settlement Payment"). Linda O'Mea has agreed to settle her interests in the claims against Keeler and the Malpractice Suit with the PLF concurrently with this agreement and will execute a separate settlement agreement. Linda O'Mea's interests in these claims are not property of the Debtor's bankruptcy estate and her settlement of such claims need not be noticed to creditors in this case.

The Debtor and the Trustee have agreed that the Settlement Payment shall benefit the bankruptcy estate and the Debtor's creditors. The Debtor will not claim an exemption in the Settlement Payment.

The parties have also agreed that this Court shall have jurisdiction to enforce the terms of the settlement. In the event litigation or similar proceedings are necessary to enforce the terms of this settlement, fees and costs shall be awarded to the prevailing party.

The Trustee believes in her business judgment that the proposed settlement is in the best interest of the bankruptcy estate. If the Trustee were to litigate this matter, the costs associated with such litigation would likely consume a significant amount of any recovery.

CONFIRMATION OF TERMS

MY CLIENT HAS CONFIRMED IN WRITING THAT HE UNDERSTANDS AND AGREES TO THE TERMS OF THIS SETTLEMENT AGREEMENT AND HAS AUTHORIZED ME TO EXECUTE THIS AGREEMENT ON HIS BEHALF.

/s/ _____ Date: _____

Kevin Rank, counsel for Robert O'Mea

###

DATE: _____

_____
Trustee

Service Address: _____

Name of Attorney for Trustee: _____

Service Address: _____

761.2 (6/15/16) **Page 2 of 2**