Robert George O'Mea
1050 Norway Street NE
Salem, Oregon 97301
(503) 341-3370

Debtor Pro Se

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

Robert George O'Mea,

Debtor.

Case No. 17-63572-tmb7

DEBTOR ROBERT GEORGE O'MEA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION TO SET ASIDE TRUSTEE'S OBJECTIONS TO CLAIMED EXEMPTIONS AND ORDER THEREON; OR IN THE ALTERNATIVE, MOTION TO COMPEL TRUSTEE TO ABANDON EXEMPT PERSONAL PROPERTY

This contested matter is before the court on the *Motion of Debtor to Set Aside Trustee's Objections to Claimed Exemptions and Order Thereon; or in the Alternative to Compel Trustee to Abandon Exempt Personal Property*, regarding the Debtor's' personal property, described as *"[D]ebtor's personal injury claim against Isenstein in the amount of $65,000 (the "Personal Injury Claim") and the claimed exemption in the Personal Injury Claim under 11 U.S.C. 522(d)(11)(D) in the amount of $23,675."*, filed herein, pursuant to Rule 6007(b) of the Federal Rules of Bankruptcy Procedure, asking the court to compel the Chapter 7 Trustee to abandon the Debtor's said property. The Chapter 7 Trustee filed an Objection to the Claimed Exemptions on January 29, 2018, arguing that equity in the Personal Injury Claim belongs to the estate. Debtor objects to the Trustee's Objection, and requests that this

Court enter an Order overruling the Trustee's objections, or in the alternative, Debtor Moves this Court for an Order compelling the Trustee to abandon her interest in the property claimed as exempt.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (O) (2006).

On November 22, 2017, the Debtor, acting by and through counsel, filed a Voluntary Petition commencing his case under Chapter 7 of the Bankruptcy Code. In his schedules, the Debtor valued the property at $65,000 and claimed an exemption in the property in the amount of $23,675.00, pursuant to 11 U.S.C. § 522(d)(11)(D).

## II

When the Debtor filed his Voluntary Petition on November 22, 2017, his bankruptcy estate, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case[,]" was created. 11 U.S.C. § 541(a) (2006). Upon her appointment, the Chapter 7 Trustee, pursuant to 11 U.S.C. §§ 323(a) and 704(a)(1) (2006), became the representative of the Debtor's bankruptcy estate, succeeding to his interests in property of the estate and inheriting the responsibility to use estate property for the best interests of creditors, including the liquidation of property pursuant to 11 U.S.C. § 363 (2006).

## III

On December 29, 2017, the Meeting of Creditors was held; on January 29, 2018, the Trustee filed her Objections to Claimed Exemptions. When a debtor files a bankruptcy petition, all of the debtor's property becomes property of the bankruptcy estate. See 11 U.S.C. § 541. However, the debtor is entitled to exempt certain eligible property from the bankruptcy estate. See id. § 522(l). Section 522(l) states the procedure for claiming exemptions and objecting to claimed exemptions as follows: "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section· Unless a party in interest objects, the property claimed as exempt on such list is exempt." Although § 522(l) itself does not specify the time for objecting to a claimed exemption, Rule 4003(b) provides in pertinent part:

"The trustee or any creditor may file objections to the list of property claimed as exempt **within 30 days after** the conclusion of the meeting of creditors held pursuant to Rule 2003(a), unless, within such period, further time is granted by the court." (Fed. R. Bankr.P. 4003(b), emphasis added). The Trustee herein however filed her Objections 31 after the conclusion of the meeting of the creditors - December being among the months containing 31 days. Therefore, the Trustee's Objections were untimely filed, and must - accordingly - be set aside.

Statutes, regulations, and rules of the court must be read in a "straightforward" and "commonsense" manner. See *Bartlik v. United States Dep't of Labor,* 62 F.3d 163, 165-66 (6th Cir.1995) (en banc). When the Court can discern an unambiguous and plain meaning from the language of a rule, its task is - essentially - at an end. *Id.* at 166. Rule 4003(b) unambiguously requires that an extension of time be granted within the prescribed thirty-day period; the Trustee herein did not do so. The Rule can only be plainly read to require that an interested party must file a motion for an extension within the prescribed thirty-day period, and that the court must rule on that motion within the same thirty-day period. Indeed, the rule only implicitly requires that a request for an extension be made within the thirty-day period, while it expressly requires that the court grant such an extension within that period. Moreover, Fed. R. Bankr.P. 9006(b)(3) provides that the court may enlarge the time for taking action under Rule 4003(b) "only to the extent and under the conditions stated in those rules." Thus, Rule 4003(b) should be viewed as jurisdictional. Because Rule 4003(b) is jurisdictional, it does not matter that the debtor did not timely object when the Trustee filed her objections, after the thirty-day period had expired. '

V

Further, even if the Trustee's objections had been timely filed, they must still fail, because the Trustee is wrong on the law. The Trustee apparently relies on the legislative history of the subsection which states: "subparagraph (d)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled

separately by the bill." (H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 360-363). The Trustee apparently assumes that the Debtor's injuries are not permanent, so the damages must therefore be for pain and suffering, and that therefore, the payment for those injuries is excluded from the exemption provision.

The Trustee's Motion states: "[D]ebtor's claimed exemption in the Personal Injury Claim under 11 U.S.C. 522(d)(11)(D) is only applicable to funds awarded to the debtor 'on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss.' Any amount awarded to the debtor under the Personal Injury Claim that is not compensation for actual bodily injury cannot be claimed exempt under this statute."

The problem for the Trustee's position is twofold: first, there is no evidence extant in the record that the compensation represented - in any real sense - payment for pain and suffering. The $65,000 which represented the entire settlement due under the Settlement Agreement (a copy of which is appended hereto as Debtor's Motion Exhibit "A" and by reference incorporated fully herein as though set forth below) was entered into as payment for "any and all claims for economic and noneconomic damages", which damages may - or may not - have included pain and suffering.

The unadulterated fact of the matter is that the Trustee's assumption that the Debtor's compensation award represents an award for "pain and suffering", is just that: an assumption - the less about which is extrapolated the better. The Debtor's original Complaint (a copy of which is appended hereto as Debtor's Motion Exhibit "B" and by reference incorporated fully herein as though set forth below), pleads numerous deleterious effects of the accident, which the Debtor suffered from including, "a **permanent** tearing and **wrenching** of the muscles, tendons, ligaments, nerves and soft tissues of his neck and back", and "an <u>annular injury</u>, with **disc herniation**, at the C6-7 intervertebral disc spaces." The Complaint further pleads that "[Debtor's] **injuries are *permanent* and *degenerative* in nature** and have increased his susceptibility to future injury, degenerative arthritis and degenerative disc disease." (emphasis added)

Therefore, as can be plainly seen, the Trustee's allegation of the Debtor's claimed exemption in the settlement, as being solely for "pain and suffering", are not only unsupported by the record, but in fact belied by it, and the Trustee's overactive imagination in this area, can perhaps be best attributed to a desire to claim another $2,300 in compensation, rather than any legitimate desire to properly discharge her fiduciary duty.

## VI

Another fundamental - and equally thwarting - dilemma for the Trustee arises from the fact that the majority of courts that have dealt with this exemption have not actually interpreted it in the narrow fashion which the trustee advocates. The bankruptcy courts which have tried to define the boundaries of the personal bodily injury entitling a debtor to the exemption have overwhelmingly upheld the debtor's claim of exemption. *In re Lynn,* 13 Bankr. 361 (Bankr. W.D.Wi. 1981) (payments for loss of consortium were exempt as a personal bodily injury), *In re Territo,* 36 Bankr. 667 (Bankr. E.D. N.Y. 1984) (payments for herniated disc injury exempt) and *In re Sidebotham,* 77 Bankr. 504, 506 (Bankr. E.D. Penn. 1987) (declaratory ruling because there had not yet been an award on the personal injury action).

In the *Territo* case, the court noted that the definition of pain and suffering found in Black's Law Dictionary includes not only physical discomfort and distress, but also mental and emotional trauma. The court concluded that the latter form of pain and suffering was the type which Congress intended to exclude from the exemption at issue. *Territo,* 36 Bankr. at 670. In *Lynn*, the court held that the legislative history could not be taken seriously without rendering the statute meaningless. *Lynn*, 13 Bankr. at 362.

When the intent of the legislature is unclear, vague or ambiguous, a liberal interpretation of the exemption laws is favored. *In re Wilson,* 22 Bankr. 146, 149 (Bankr. D. Or. 1982), *In re Hawes,* No. 682-07173 (Bankr. D. Or. Nov. 21, 1983) (Luckey, BJ), citing *Childers v. Brown,* 81 Or. 1, 158 P. 166 (1916).

Debtor suffered a permanent and compensable injury. The fact that the injury is manifested - in part - through pain and suffering, does not make the injury any less of a physical bodily injury. The

award is for an actual physical injury and not for mere emotional distress. Debtor claims an exemption in a net recovery of $23,675.00. The amount is not out of proportion with the injuries he sustained as they are described in his Complaint. The exemption claimed by the Debtor should be upheld and the Trustee's objection overruled.

## VI

In the Alternative, Debtor has moved for an Order requiring the Trustee to abandon any interest in the claimed exemption. Also included within the Chapter 7 Trustee's duties is the authorization to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate[,]" 11 U.S.C. § 554(a) (2006), and if she does not, the Chapter 7 Trustee may be ordered to do so upon the request of a party in interest, provided that party in interest meets its burden of proof and presents a prima facie case that the property is burdensome to the estate or of inconsequential value. 11 U.S.C. § 554(b) (2006); *In re DiDario*, 232 B.R. 311, 313 (Bankr. D.N.J. 1999); *In re Dillon*, 219 B.R. 781, 785 (Bankr. M.D. Tenn. 1999).

In determining whether to order abandonment, the court should focus on "whether there is a reason that the estate's interest in the property should be preserved or, instead, whether the property is so worthless or burdensome to the estate that it should be removed therefrom." *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987) (citations omitted).

## VII

In the instant case, the plain fact is that the Trustee's reasonably anticipated legal fees for pursuing the claimed exemption, could easily meet - or even exceed - the amount which the Trustee is seeking to claim from the debtor. The Trustee, despite being a member in good standing of the Oregon State Bar, has elected to hire another Oregon Bar Attorney to represent her, in an apparent attempt to "share the wealth". Given those circumstances, which could clearly result in a diminished amount available for distribution to creditors, even if the Trustee's Objection is upheld, it would be foolish to expend sums in pursuit of a dubious potential payoff. This of course, does not even begin to calculate the effect if - after protracted, lengthy, and expensive litigation - the Trustee's Motion is ultimately

unsuccessful. The Debtor believes that it is unlikely that the Trustee will offer to reimburse the bankruptcy estate for her foolishly-spent legal fees.

In the matter at hand, it is clear from the outset that the Debtor's interest in the property should be preserved, and equally clear that the property has the potential of being so "worthless or burdensome to the estate", that it should be ordered to be abandoned by the Trustee.

## VIII

## CONCLUSIONS

As set forth above, the Trustee's Objections were untimely filed - which untimely filing negated any obligation on Debtor's part to timely file a response - and therefore were never properly before the Court in the first place. Further, there is no evidence in the record to support the Trustee's unsupported allegation that the claimed exempt property represents damages for "pain and suffering." Additionally, the legal theories behind the Trustee's Objections are not well-grounded or sustainable. Finally, the anticipated costs of the Trustee's continuation of her search for legal justification to seize Debtor's legitimately exempt property, mandate abandonment in any event.

Respectfully Submitted, this 3rd day of April, 2019.

Robert O'Mea, Plaintiff Pro Se
1050 Norway Street NE
Salem, Oregon 97301
(503) 341-3370