**Justin D. Leonard**, OSB 033736
   Direct: 971.634.0192
   Email: jleonard@LLG-LLC.com

**Holly C. Hayman**, OSB 114146
   Direct: 971.634.0193
   Email: hhayman@LLG-LLC.com

**LEONARD LAW GROUP LLC**
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
Fax: 971.634.0250

Counsel for Trustee Vanesa Pancic

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Robert George O'Mea,**<br>                Debtor. | Case No. 17-63572-tmb7<br>**TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO SET ASIDE OR MOTION TO COMPEL ABANDONDMENT**<br>Hearing Date: April 23, 2019 at 11 AM |

      Vanesa Pancic, in her capacity as trustee ("**Trustee**") for Estate of Robert George O'Mea (the "**Estate**") by and through her counsel, responds in opposition to Debtor's Motion to Set Aside Trustee's Objections to Claimed Exemptions and Order Thereon; or in the Alternative, Motion to Compel Trustee to Abandon Exempt Personal Property (the "**Motion**") (Doc. No. 39) and the documents filed by Robert George O'Mea (the "**Debtor**") in support thereof. The Trustee respectfully requests that the Motion be denied. The Trustee's Objection to Debtor's Claimed Exemptions (the "**Objection**") (Doc. No. 18) and the Order Granting the Trustee's Objection to Claimed Exemptions (Doc. No. 19) were appropriately entered and were not timely challenged. Furthermore, Debtor's scheduled personal injury settlement award (the "**Settlement Proceeds**") are property of the Estate that may provide benefit to creditors and should not be abandoned by the Trustee. In support of her opposition, the Trustee asserts the following:

Page 1 of 4 – TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE OR ABANDON

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-63572-tmb7   Doc 43   Filed 04/18/19

**1. The Trustee's Objection to exemptions was timely filed and is appropriate.**

The Objection was timely when it was filed on Monday, January 29, 2018. The Trustee agrees that Fed. R. Bankr. P. 4003 requires that an objection to claimed exemptions be filed "within 30 days after the meeting of creditors … or within 30 days after amended schedules are filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). In this case, the meeting of creditors was held on December 29, 2017, and the 30-day objection period following the meeting of creditors ended on Sunday, January 28, 2018. In accordance with Fed. R. Bankr. P. 9006, when calculating a period of time under the Federal Rules of Procedure, "if the last day [of the period of time] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C). Therefore, the period to object to Debtor's claimed exemptions was extended until Monday January 29, 2018, which is the date the Objection was filed and entered on. The Trustee's Objection was timely filed.

Furthermore, the Trustee's Objection was appropriate. The exemption under 11 U.S.C. § 522(d)(11)(D) is narrowly defined and intentionally only includes funds awarded on account of personal bodily injury. Any amount of the Settlement Proceeds that were awarded as compensation for general noneconomic damages, pain and suffering, property damage, or in exchange for release of claims cannot be subject to the exemption. The Trustee's Objection also states this statutory limitation and is appropriate.

**2. The Settlement Proceeds should not be abandoned, they are property of the Estate and are not burdensome or of inconsequential value.**

With limited exceptions, not relevant in this case, all legal and equitable interests of a debtor become property of the bankruptcy estate upon the petition date. *In re Meehan*, 2014 Bankr. LEXIS (B.A.P. 9th Cir. 2014) (citing 11 U.S.C. § 541(a)(1)). Property of the estate may be abandoned upon a motion by an interested party, after notice and a hearing, if the movant proves by a preponderance of the evidence that the property is 1) burdensome to the estate or 2) of

Page 2 of 4 – TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE OR ABANDON

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-63572-tmb7    Doc 43    Filed 04/18/19

inconsequential value and benefit to the estate. 11 U.S.C. § 554 (b); *In re Vu*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000). Furthermore, courts find that "an order compelling abandonment is the exception, not the rule. Abandonment should only be compelled in order to help creditors by assuring some benefit in the administration of each asset…." *Id.* (citing *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 245 (6th Cir. 1987)).

In this case, the Settlement Proceeds are property of the Estate and are not burdensome or of inconsequential value. Although the Settlement Proceeds are fully encumbered, the Trustee may be able to negotiate with the secured creditors to reduce their liens and provide a carve-out for the Estate. Furthermore, Debtor's schedules are not accurate and his claimed exemptions may not be final.

As discussed previously in at the September 27, 3018 hearing regarding the Trustee's Application for Examination of Debtor Under Rule 2004 (Doc. No. 26), at the time Debtor filed his voluntary bankruptcy petition, he was prosecuting legal malpractice claims against is prior attorney Andrew Keeler in Clackamas County Circuit Court under Case No. 17CV01623 (the "**Keeler Action**"). Debtor did not schedule the Keeler Action or claim any exemption in the same. Until Debtor files acurrate schedules, including his claimed exemptions, the Trustee cannot make a final determination about the value of the Settlement Proceeds and possible benefit it may provide to creditors. Abandonment of the Settlement Proceeds is not approporate at this time.

**3. Debtor failed to confer prior to filing his Motion and has failed to comply with the Court's Order for FRBP 2004 Examination.**

Local Rule of Bankruptcy Procedure 7007-1 requires that the movant confer with the opposing party and make a good-faith effort to resolve the dispute prior to filing. Debtor made no effort or attempt to confer with the Trustee regarding his request to set aside the Objection or abandonment of the Settlement Proceeds the prior to filing his Motion.

Page 3 of 4 – TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE OR ABANDON

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-63572-tmb7    Doc 43    Filed 04/18/19

Moreover, Debtor has failed to comply with the Court's Amended Order for FRBP 2004 Examination of Debtor (Doc. No. 37) and the Court's instructions at the September 27, 2018 hearing regarding the same. The Trustee, through her counsel, attempted to work with Debtor to schedule a time and a neutral location for his Rule 2004 Examination. The Trustee scheduled several dates for the examination to be held at the Marion County Courthouse and requested that Debtor produce documents prior to the examination. Despite these effort, Debtor has repeatedly refused to produce documents and has cancelled the dates for the examinations, dates which he previously agreed to. Debtor's failure to comply with LRBP 7007-1 and the Court's Order for Rule 2004 Examination should be considered in light of the relief he requests in the Motion.

WHEREFORE, the Trustee respectfully requests that Debtor's Motion be denied in full.

DATED: April 18, 2019.

        LEONARD LAW GROUP LLC

        By: /s/ Holly C. Hayman
           Justin D. Leonard, OSB 033736
              Direct: 971.634.0192
              Email: jleonard@LLG-LLC.com
           Holly C. Hayman, OSB 114146
              Direct: 971.634.0193
              Email: hhayman@LLG-LLC.com

        Counsel for Trustee Vanesa Pancic

Page 4 of 4 – TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE OR ABANDON

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-63572-tmb7    Doc 43    Filed 04/18/19

# CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of this **TRUSTEE'S RESPONSE IN OBJECTION TO DEBTOR'S MOTION TO SET ASIDE OR ABANDON** to be served on interested parties requesting notice through the Court's CM/ECF system and upon the parties as listed below:

| Via first class mail and email | Via first class mail | Via email |
|---|---|---|
| Robert George O'Mea<br>1050 Norway St. NE<br>Salem, OR 97301<br>Orobert4me@hotmail.com | PRA Receivables Management<br>PO Box 41021<br>Norfolk, VA 23541 | Parks Bauer Sime Winkler & Fernety LLP<br>Attn: Michael Walker<br>70 Liberty Street SE, Suite 200<br>Salem, OR 97301<br>mwalker@pbswlaw.com<br>(Courtesy Copy) |

DATED: April 18, 2019.

By: /s/ Holly C. Hayman
Holly C. Hayman, OSB 114146

Page 1 - CERTIFICATE OF SERVICE

LEONARD LAW GROUP LLC
1 SW Columbia, Ste. 1010
Portland, Oregon 97258
leonard-law.com

Case 17-63572-tmb7    Doc 43    Filed 04/18/19